# U.S. Department of Justice

**United States Attorney**
**District of Nebraska**

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2005 APR 18 PM 3: 40

OFFICE OF THE CLERK

*487 Federal Building*
*100 Centennial Mall North*
*Lincoln, Nebraska 68508-3865*

PH: (402) 437-5241
FAX: (402) 437-5390

February 7, 2005

Authorized Representative
Blanket Corporation, d/b/a Serenity Place,
Independent Living Apartments, Inc.,
Stony Ridge Day Treatment, Inc., a/k/a
    Stoney Ridge Day Treatment and Wellness Clinic,
    d/b/a Outpatient Therapy, Inc.,
c/o James Hoppe
140 N. 8th Street #250
Lincoln, NE 68508

    Re: United States v. Blanket Corporation, et. al.
        4:03CR3085

Dear Authorized Representative:

Based upon your representation that you wish to resolve the charge(s) now pending against the Corporations with the District of Nebraska in its investigation into illegal activities, the United States will enter into an agreement with the Corporations on the following conditions:

1. Blanket Corporation, d/b/a Serenity Place, the defendant herein, will plead guilty to counts I and IX of an Indictment charging a violations of Title 18, United States Code, Section 371, conspiracy to commit mail fraud, social security fraud and health care fraud. You understand that by entering this plea of guilty, the corporation is exposed to a fine of not more than $500,000, up to 3 years of supervised release, and a $100 special assessment.

1a. Provided that the corporation demonstrates acceptance of responsibility to the Probation Office and to the Court, the undersigned Assistant United States Attorney stipulates that you notified authorities in a timely manner of your intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

2. You will enter a plea of guilty, for the corporation, to the Indictment set forth in paragraph 1 of this agreement at such time as may be exclusively determined by the United States Attorney for the District of Nebraska, or his designate, upon reasonable notice to you.

3. The undersigned Assistant United States Attorney for the District of Nebraska agrees that your corporation will not be federally prosecuted in the District of Nebraska for any violations of federal fraud statutes, of which I currently have actual knowledge, related to the business of Blanket Corporation, Independent Living Apartments, Stony Ridge Day Treatment, Inc., other than as set forth in paragraph numbered one (1) above.

4. You agree that cooperation by you with the United States is not anticipated by this agreement, and you understand that a different document would have to be signed should you decide to cooperate in the future.

5. This agreement is limited to the United States Attorney's office for the District of Nebraska and does not bind any other federal, state or local prosecuting authorities, although this office will bring your cooperation to the attention of other prosecuting authorities, if so requested.

6. The parties hereby agree that the issue of loss will need to be determined at the time of sentencing. The United States will argue that the maximum amount of loss in this matter is less than $600,000. However, the actual amount, will need to be determined by the court. You agree to pay restitution in the amount of $250,000, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). This restitution award may be joint and severable with other co-defendants. You also agree that in determining the appropriate loss for purposes of the sentencing guidelines, the court may consider both social security fraud and health care fraud as set forth in the Indictment and both the charged and uncharged conduct can be considered as relevant conduct attributable to the defendant, including the counts of indictment that will be dismissed at the time of sentencing. ~~The parties agree that you may argue that the loss considered as part of the health care fraud may not~~ be attributable to you, however, if the court ~~finds that the loss is attributable to you, you agree as part of this plea agreement that the court can consider the health care fraud loss to be relevant~~ conduct pursuant to the sentencing guidelines.

7. As part of this settlement agreement, and in compromise and settlement of the rights of OIG-HHS to exclude you pursuant to Title 42, U.S.C. § 1320a-7(b)(7), Blanket Corporation, d/b/a Serenity Place, Independent Living Apartments, Inc., Stony Ridge Day Treatment, Inc., a/k/a Stoney Ridge Day Treatment and Wellness Clinic, d/b/a Outpatient Therapy, Inc., , agree to be permanently excluded under this statutory provision from Medicare, Medicaid, and all other federal health care programs as defined in 42 U.S.C. § 1320a-7(b)(f). Such exclusion shall have national effect and shall also apply to all other federal procurement and nonprocurement programs. Federal health care programs shall not pay anyone for items or services, including administrative and management services, furnished, ordered, or prescribed by you in any capacity while you are excluded. This payment prohibition applies to you, anyone who employs or contracts with you, any hospital or other provider where you provide services, and anyone else. The exclusion applies regardless of who submits the claims or other request for payment. You shall not submit or cause to be submitted to any federal health care program any claim or request for payment for items or services, including administrative and management services, furnished,

ordered, or prescribed by you during the exclusion. Violation of the conditions of the exclusion may result in criminal prosecution, and the imposition of civil monetary penalties and assessments. You further agree to hold the federal health care programs, and all federal beneficiaries and/or sponsors, harmless from any financial responsibility for items or services furnished, ordered, or prescribed to such benificiaries or sponsors after the effective date of the exclusion. You waive any further notice of the exclusion and agree not to contest such exclusion either administratively or in any state or federal court. This exclusion shall be effective upon the effective date of this plea agreement.

8. The parties acknowledge that in United States v. Booker, 2005 WL 50108 (January 12, 2005), the Supreme Court decided that the Sentencing Guidelines are advisory rather than mandatory. This means that the sentencing judge must consult, but is not required to strictly follow, the Sentencing Guidelines when selecting a sentence to impose. On the other hand, the sentencing judge may decide that the sentence called for under the Sentencing Guidelines is the sentence which he or she will impose. The parties further acknowledge that to the extent the Petition to Enter Plea of Guilty states or implies that the Sentencing Guidelines are mandatory, it is hereby amended.

9. By signing this agreement, you agree that any or all information available to the U. S. Probation Office through provisions of pretrial services may be used by the probation office in preparing and submitting its pre-sentence report and may be disclosed to the Court for purposes of sentencing. You hereby waive any objection to the use of such information for purposes of sentencing. However, information provided by you, which is not otherwise available to the government, shall not be used against you for sentencing pursuant to §1B1.8 of the Sentencing Guidelines.

10. Pursuant to Title 18, United States Code, Section 3013, the Court is obligated to impose at sentencing a mandatory special assessment of $100.00 for each felony count to which you enter a plea of guilty. Collection of any of these unpaid amounts after sentencing has proved to be a time consuming and costly matter for the government. Accordingly, as part of this plea agreement you are required to provide these amounts at the time of plea in the form of a check (i.e., cashier's check, certified check, money order, or your attorney's trust fund check - no personal checks and no cash) made payable to the Clerk of the District Court. The check is to be made payable in the amount of the special assessment. This check is to be delivered, along with your Petition to Enter Guilty Plea, to the Clerk of the District Court.

11. By signing this agreement, you acknowledge that, in the event you violate any term or condition of this agreement, you shall not, because of such violation of this agreement, be allowed by either the Court or the United States Attorney for the District of Nebraska, or his designate, to withdraw your plea of guilty.

12. Should the Court for any reason not accept this plea agreement, this plea agreement shall be

considered null and void, and the United States Attorney for the District of Nebraska, or his designate, may withdraw or decline to file any sentencing recommendation or motion for a reduced sentence due to your cooperation the government is otherwise bound by this agreement to give regarding sentencing, and the United States may then prosecute you for law violations which the United States had otherwise promised in this agreement not to pursue.

13. Even if you breach this agreement, should you be convicted of any of the crimes in the Indictment filed in this case, the United States must still, in conformity with procedures specified in paragraph five of this agreement, bring to the attention of the sentencing court any acts of prior or ongoing cooperation provided by you.

14. Since your acceptance of this agreement terminates all plea discussions with the United States Attorney for the District of Nebraska, or his designate, any statements made by you after the date of your acceptance of this agreement are not governed by Rule 11(e)(6) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.

15. In addition to criminal prosecution purposes, the United States can use against you any disclosure(s) you have made pursuant to this agreement in any civil proceeding or for any sentencing purpose.

16. Nothing contained in this agreement shall in any manner limit your civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing against you any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

17. The plea agreement proposed herein may be withdrawn by the United States Attorney for the District of Nebraska, or his designate, at any time prior to acceptance by you. Acceptance is deemed to occur when this document has been signed by you and your attorney, and the undersigned Assistant United States Attorney, and has been stamped as received in the offices of the United States Attorney for the District of Nebraska. In addition, if the United States Attorney for the District of Nebraska, or his designate, has not received this agreement back from you, properly executed, at the offices of the United States Attorney for the District of Nebraska on or before ~~February~~ MARCH 15, 2005, this proposed plea agreement is automatically withdrawn.

18. No promises, agreements, or conditions have been entered into other than those set forth in this document, and none will be entered into unless in writing and signed by all parties.

3/3/2005
Date

*(signature)*
Officer or Authorized Agent
Blanket Corporation, d/b/a Serenity Place,
Defendant

3/3/2005
Date

*(signature)*
JAMES HOPPE.
Attorney for Blanket Corporation

3-10-05
Date

*(signature)*
STEVEN A. RUSSELL
Assistant U.S. Attorney

5