UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
    **Plaintiff**

**v.**                                            Case Number 4:03cr3085

**BLANKET CORPORATION**
    **Defendant**

                                                James H. Hoppe
                                                **Defendant's Attorney**

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to Counts I and IX of the Indictment on 4/18/05.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 18:371 - CONSPIRACY TO DEFRAUD THE UNITED STATES | 2/28/03 | I |
| 18:371 - CONSPIRACY TO DEFRAUD THE UNITED STATES | 5/31/01 | IX |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts II through VIII and X through XVI of the Indictment are dismissed on the motion of the United States as to this defendant only.

Following the imposition of sentence, the Court advised the defendant of its right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                                                                 Date of Imposition of Sentence:
                                                                                              September 16, 2005

                                                                                                 s/ Richard G. Kopf
                                                                                              United States District Judge

                                                                                                September 22,  2005

Defendant: BLANKET CORPORATION  Page 2 of 6
Case Number: 4:03cr3085

## PROBATION

The defendant is hereby sentenced to probation for a term of **three (3) years**.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two period drug tests thereafter.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

Defendant: BLANKET CORPORATION  Page 3 of 6
Case Number: 4:03cr3085

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. Blanket Corporation, d/b/a/ Serenity Place, Independent Living Apartments, Inc., Stoney Ridge Day Treatment, Inc., a/k/a Stoney Ridge Day Treatment and Wellness Clinic, d/b/a/ Outpatient Therapy, Inc., pursuant to the Plea Agreement, agrees to be permanently excluded under the statutory provisions from Medicare, Medicaid, and all other federal health care programs as defined in 42 U.S.C. 1320(a)-7(b)(f), and shall comply with the Plea Agreement.

2. The defendant shall provide the United States Probation officer with access to any requested financial information.

Defendant: BLANKET CORPORATION  
Case Number: 4:03cr3085

Page 4 of 6

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $800.00 (PAID) | | $250,000.00 |

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of **$250,000.00** is hereby ordered. The restitution award should be made jointly and severally with other co-defendants including Vernon Strauch and Phillip Colley. From the restitution award of $250,000, the first $97,398.68 should be paid to the individual victims as set forth below. After those victims are paid in full, the balance shall be paid to the institutional victims as set forth below. These amounts will not bear interest in this Court.

If the defendant makes a partial payment, each individual victim shall receive an approximately proportional payment determined by ascertaining the percentage of each individual victim's loss as compared to $97,398.68. After payment of the first $97, 398.69 has been made, if the defendant makes a partial payment, each institutional victim that is not the United States shall receive an approximately proportional payment (determined by excluding consideration of the loss suffered by the United States) until such time as such victims are paid in full. See 18 U.S.C. § 3664(I) ("all other victims [shall] receive full restitution before the United States receives any restitution.") The United States shall not be paid any restitution until all other victims have been paid.

Individual Victims

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| David Bishop | $6,653.01 | $6,653.01 |
| Annette Bowie | $14,485.50 | $14,485.50 |
| Donald Brehm | $1,888.50 | $1,888.50 |
| Roger Brownlee | $8,423.63 | $8,423.63 |
| Paul S. Burke | $327.00 | $327.00 |
| Antoine Burgin | $405.60 | $405.60 |
| Linda Buss | $3,405.47 | $3,405.47 |
| Rooselvelt Chapman | $462.27 | $462.27 |
| Tracy Coblentz | $5,873.59 | $5,873.59 |
| Larry Conover | $928.00 | $928.00 |
| Lori Gotschall | $3,690.20 | $3,690.20 |
| Cheri Hamilton | $4,179.29 | $4,179.29 |

Defendant: BLANKET CORPORATION                                                                                       Page 5 of 6
Case Number: 4:03cr3085

| | | |
|---|---:|---:|
| Fred Hollinger (Deceased) | $3,337.95 | $3,337.95 |
| Joseph Holm | $145.00 | $145.00 |
| Chris Jacobsen | $4,545.45 | $4,545.45 |
| Duane Janssen | $2,235.00 | $2,235.00 |
| Rick Kometscher | $2,648.75 | $2,648.75 |
| Carol Lohmeier | $997.91 | $997.91 |
| Billy Meza, Sr. | $3,590.37 | $3,590.37 |
| Tonya Miller | $6,360.35 | $6,360.35 |
| JoAnn Minnig | $743.87 | $743.87 |
| Alan Nissen | $378.50 | $378.50 |
| Alejandro Pena | $1,676.97 | $1,676.97 |
| Larry Penton | $1,052.10 | $1,052.10 |
| Steve Rainey | $221.00 | $221.00 |
| Carol Schmidt | $6,188.75 | $6,188.75 |
| Steve Sheffield | $3,103.50 | $3,103.50 |
| Jason Shield | $1,235.50 | $1,235.50 |
| Rose Shirkey | $641.50 | $641.50 |
| Jamie Sprinkle Beverly Romero for, | $4,885.70 | $4,885.70 |
| John Volk | $2,688.45 | $2,688.45 |
| **Totals** | $97,398.68 | $97,398.68 |

Institutional Victims

The remaining restitution shall be paid as follows:

| | | |
|---|---:|---:|
| Medicare | $60,277.52 | $60,277.52 |
| Medicaid | $37,173.71 | $37,173.71 |
| Medicaid (State of Nebraska) | $24,782.45 | $24,782.45 |
| Options | $18,220.59 | $18,220.59 |
| Options (State of Nebraska) | $12,147.05 | $12,147.05 |
| **Total** | $152,601.32 | $152,601.32 |
| **TOTAL** | **$250,000.00** | **$250,000.00** |

\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Defendant: BLANKET CORPORATION  Page 6 of 6
Case Number: 4:03cr3085

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, the court orders that payment of the total criminal monetary penalties shall be due as follows:

The defendant shall pay the special assessment in the amount of $800.00 (PAID-Receipt L407300).

Lump sum payment of $ 250,000.00 due immediately.  There are no provisions for installment payments.  Restitution is hereby ordered jointly and severally with:  Phillip Colley and Vernon Strauch, Case No. 4:03CR3085.

Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer or the United States attorney.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, P.O. Box 83468, Lincoln, NE 68501.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court.  In the event a defendant is able to make a full or substantial payment toward the remaining criminal monetary penalty, he or she shall do so immediately.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk